Ernest Edward Badway, Esq.
Fox Rothschild, LLP
101 Park Avenue, 17th Floor
New York, New York 10178
Telephone:  (212) 878-7986
Facsimile:  (212) 692-0940
*Attorneys for plaintiff De Lage Landen Financial Services, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., <br><br> Plaintiff <br><br> v. <br><br> UNIVERSAL WILDE, INC., <br><br> Defendant. | Civil Action No. 1:19-cv-1371 <br><br> **COMPLAINT** <br><br> Electronically Filed |

Plaintiff De Lage Landen Financial Services, Inc. ("Plaintiff"), files this Complaint against defendant Universal Wilde, Inc. ("Defendant"), and states as follows:

## THE PARTIES

1. Plaintiff is a Michigan corporation that conducts business in the Commonwealth of Pennsylvania and has a principal place of business at 1111 Old Eagle School Road, Wayne, Pennsylvania 19087.

2. Upon information and belief, Defendant is a Massachusetts corporation with a principal place of business at 26 Dartmouth Street, Suite 1, Westwood, Massachusetts 02090.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Jurisdiction and venue are proper in New York because Plaintiff and Defendant entered into several contracts at issue in this litigation and Defendant agreed to subject itself to jurisdiction and venue in New York. [See Agreement 25355582, ¶ 9; Agreement 25402066, ¶ 9; Agreement 25416589, ¶ 9, (each defined below)].

## Agreement 25355582

5. On July 13, 2015, Defendant entered into Lease Agreement No. 25355582 ("Agreement 25355582") with Cisco Systems Capital Corporation ("Cisco") for the lease of certain computer equipment, software and accessories. A true and correct copy of Agreement 25355582 is attached as Exhibit A and incorporated herein.

6. Agreement 25355582 provides that Cisco may sell, assign, or transfer Agreement 25355582 without notice to Defendant. [See Agreement 25355582, ¶ 4].

7. On August 26, 2015, Cisco assigned Agreement 25355582 to Plaintiff. A true and correct copy of the Acknowledge of Assignment is attached hereto as Exhibit B.

8. Under the terms of Agreement 25355582, Defendant agreed to make thirty-six (36) monthly payments of $962.78, plus applicable taxes to Plaintiff. [Exh. A, p. 1].

9. Defendant also agreed to pay a late charge of five percent (5%) of any payment that was not paid when due. [Id., ¶ 1].

10. Defendant agreed to pay Plaintiff a fee of $99.95 to reimburse Plaintiff for its expenses for preparing financing statements, along with all other documentation costs, and all ongoing administration costs. [Id.].

11. Defendant defaults under Agreement 25355582 if, among other things, it fails to pay any payment when due, and/or if it breaches any other obligation under Agreement 25355582 or any other agreement it holds with Plaintiff. [Id., ¶ 8].

12. In the event of default, Plaintiff has the right to accelerate the balance due, repossess and sell the equipment and apply the proceeds of the sale to the balance. [Id.].

13. Additionally, in the event of default, Plaintiff may recover from Defendant 18% interest per annum on any unpaid balance, as well as its costs of collection and enforcement of Agreement 25355582, including Plaintiff's reasonable attorneys' fees. [Id.].

14. On August 24, 2015, Defendant signed a Delivery and Acceptance Certification certifying that Defendant had received and accepted the equipment leased under Agreement 25355582. [Id., at p. 3].

15. On May 2, 2016, Defendant entered into a Coterminous Equipment Addendum, (the "Addendum") under Agreement No. 25355582 with Cisco for the lease of additional computer equipment, software and accessories. [Exh. A, p. 4].

16. The Addendum incorporates the terms and conditions of Agreement 25355582, including, but not limited to, Cisco's right to sell, assign, and transfer the Addendum without notice to Defendant. [See Addendum, ¶ 8, Agreement 25355582, ¶ 4].

17. Pursuant to the Addendum, Plaintiff agreed to make additional twenty-eight (28) monthly payments of $474.48 to Plaintiff. [Exh. A, p. 5].

18.     On May 2, 2016, Defendant signed a Delivery and Acceptance Certification certifying that Defendant had received and accepted the equipment leased under the Addendum. [Id., at p. 6].

19.     Defendant has failed to make the monthly payments due under Agreement 25355582 and the Addendum since April 2018.

## Agreement 25402066

20.     On June 2, 2016, Defendant entered into Lease Agreement No. 25402066 ("Agreement 25402066") with Cisco Systems Capital Corporation ("Cisco") for the lease of computer equipment and software. A true and correct copy of Agreement 25402066 is attached as Exhibit C and incorporated herein.

21.     Agreement 25402066 provides that Cisco may sell, assign, or transfer Agreement 25402066 without notice to Defendant. [See Agreement 25402066, ¶ 4].

22.     On July 26, 2016, Cisco assigned Agreement 25402066 to Plaintiff. A true and correct copy of the Acknowledgement of Assignment is attached hereto as Exhibit D.

23.     Under the terms of Agreement 25402066, Defendant agreed to make sixty (60) monthly payments of $4,850.98 to Plaintiff. [Exh. C, p. 1].

24.     Defendant also agreed to pay a late charge of five percent (5%) of any payment that was not paid when due. [Id., ¶ 1].

25.     Defendant agreed to pay Plaintiff a fee of $99.95 to reimburse Plaintiff for its expenses for preparing financing statements, along with all other documentation costs, and all ongoing administration costs. [Id.].

26.     Defendant defaults under Agreement 25402066 if, among other things, it fails to pay any payment when due, and/or if it breaches any other obligation under Agreement 25402066 or any other agreement it holds with Plaintiff.  [Id., ¶ 8].

27.     In the event of default, Plaintiff has the right to accelerate the balance due, repossess and sell the equipment and apply the proceeds of the sale to the balance.  [Id.].

28.     Additionally, in the event of default, Plaintiff may recover from Defendant 18% interest per annum on any unpaid balance, as well as its reasonable collection and legal costs. [Id.].

29.     On July 7, 2016, Defendant signed a Delivery and Acceptance Certification, certifying that Defendant had received and accepted the equipment leased under Agreement 25402066. [Exh. C, p. 5].

30.     Defendant has failed to make the monthly payments due under Agreement 25402066 since March 2018.

## Agreement 25416589

31.     On October 31, 2016, Defendant, entered into Agreement No. 25416589 ("Agreement 25416589") with Cisco Systems Capital Corporation ("Cisco") for the lease of certain computer equipment and software.  A true and correct copy of Agreement 25416589 is attached as Exhibit E and incorporated herein.

32.     Agreement 25416589 provides that Cisco may sell, assign, or transfer Agreement 25416589 without notice to Defendant.  [See Agreement 25416589, ¶ 4].

33.     On November 1, 2016, Cisco assigned Agreement 25416589 to Plaintiff.  A true and correct copy of the Acknowledge of Assignment is attached hereto as Exhibit F.

34. Under the terms of Agreement 25416589, Defendant agreed to make sixty (60) monthly payments of $4,366.55, plus applicable taxes, to Plaintiff. [Exh. E, p. 1].

35. Defendant also agreed to pay a late charge of five percent (5%) of any payment that was not paid when due. [Id., ¶ 1].

36. Defendant agreed to pay Plaintiff a fee of $99.95 to reimburse Plaintiff for its expenses for preparing financing statements, along with all other documentation costs, and all ongoing administration costs. [Id.].

37. Defendant defaults under Agreement 25416589 if, among other things, it fails to pay any payment when due, and/or if it breaches any other obligation under Agreement 25416589 or any other agreement it holds with Plaintiff. [Id., ¶ 8].

38. In the event of default, Plaintiff has the right to accelerate the balance due, repossess and sell the equipment and apply the proceeds of the sale to the balance. [Id.].

39. Additionally, in the event of default, Plaintiff may recover from Defendant 18% interest per annum on any unpaid balance, as well as its reasonable collection and legal costs. [Id.].

40. On October 31, 2016, Defendant signed a Delivery and Acceptance Certification, certifying that Defendant had received and accepted the equipment leased under Agreement 25416589. [Exh. E, p. 1].

41. Defendant has failed to make the monthly payments due under Agreement 25416589 since March 2018.

## COUNT I
## BREACH OF CONTRACT
### (Agreement 25355582 and the Addendum)

42. Plaintiff incorporates the foregoing paragraphs as if they were set forth fully herein.

43. Defendant breached Agreement 25355582 and the Addendum by failing to make the required monthly payments from April 2018 through the present. [Exh A, ¶ 8].

44. The total amount due under Agreement 25355582 is:

| | |
|---|---|
| Past Due/Billed Payments: | $ 9,162.54 |
| Late Fees & Finance Charges: | $ 2,552.28 |
| Total Remaining Payments: | $ 4,064.67 |
| Interest at 18% per annum from 04/01/2018 through 01/28/2019: | $ 2,350.06 |
| **Total:** | **$ 18,129.55** |

[Id.].

45. Plaintiff is also entitled to its reasonable attorneys' fees and costs of collection under Agreement 25355582 and the Addendum.

46. Defendant is liable to Plaintiff for all unpaid amounts due under Agreement 25355582 and the Addendum in the amount of Eighteen Thousand One Hundred Twenty Nine Dollars and Fifty Five Cents ($18,129.55), together with continuing interest at eighteen percent (18%) per annum from January 28, 2019, Plaintiff's reasonable attorneys' fees and costs of collection, and such other relief as the Court shall deem just and equitable.

## COUNT II
## BREACH OF CONTRACT
### (Agreement 25402066)

47. Plaintiff incorporates the foregoing paragraphs as if they were set forth fully herein.

7

48. Defendant breached Agreement 25402066 by failing to make the required monthly payments from March 2018 through the present. [Exh. C, ¶ 8].

49. The total amount due under Agreement 25402066 is:

| | |
|---|---|
| Past Due/Billed Payments: | $11,432.19 |
| Late Fees & Finance Charges: | $ 1,674.21 |
| Total Remaining Payments: | $33,270.04 |
| Interest at 18% per annum from 03/01/2018 through 01/28/2019: | $ 7,615.90 |
| **Total:** | **$53,992.34** |

[See id.].

50. Plaintiff is also entitled to its reasonable attorneys' fees and costs of collection under Agreement 25402066.

51. Defendant is liable to Plaintiff for all unpaid amounts due under Agreement 25402066 in the amount of Fifty Three Thousand Nine Hundred Ninety Two Dollars and Thirty Four Cents ($53,992.34), together with continuing interest at eighteen percent (18%) per annum from January 28, 2019, Plaintiff's reasonable attorneys' fees and costs of collection, and such other relief as the Court shall deem just and equitable.

### COUNT III
### BREACH OF CONTRACT
### (Agreement 25416589)

52. Plaintiff incorporates the foregoing paragraphs as if they were set forth fully herein.

53. Defendant breached Agreement 25416589 by failing to make the required monthly payments from March 2018 through the present. [Exh. E, ¶ 8].

54. The total amount due under Agreement 25416589 is:

| | |
|---|---|
| Past Due/Billed Payments: | $ 51,034.17 |
| Late Fees & Finance Charges: | $ 4,492.29 |
| Total Remaining Payments: | $178,676.63 |
| Interest at 18% per annum from 03/15/2018 through 01/28/2019: | $ 36,843.68 |
| **Total:** | **$271,046.77** |

[See id.].

55. Plaintiff is also entitled to its reasonable attorneys' fees and costs of collection under Agreement 25416589.

56. Defendant is liable to Plaintiff for all unpaid amounts due under Agreement 25416589 in the amount of Two Hundred Seventy One Thousand Forty Dollars and Seventy Seven Cents ($271,046.77), together with continuing interest at eighteen percent (18%) per annum from January 28, 2019, Plaintiff's reasonable attorneys' fees and costs of collection, and such other relief as the Court shall deem just and equitable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that a Judgment be entered against Defendant as follows:

A. Compensatory damages from the Defendant in excess of $343,168.66;

B. Recovery of all of Plaintiff's attorney and other professional fees, expert witness fees, pre- and post-judgment interest at the maximum rate provided by law, and costs and disbursements of suit; and

C.   Such other and further relief as this Court deems just and proper.

Dated: February 13, 2019

>Respectfully submitted,
>
>**FOX ROTHSCHILD LLP**
>
>By: /s/ Ernest Edward Badway
>   Ernest Edward Badway, Esq.
>   101 Park Avenue, 17th Floor
>   New York, New York 10178
>   Telephone: (212) 878-7986
>   Facsimile : (212)692-0940
>   *Attorneys for plaintiff*
>   *De Lage Landen Financial Services, Inc.*